JOURNAL ENTRY AND OPINION
{¶ 1} Larry Laboy ("Laboy") appeals from his conviction and sentence rendered in the Cuyahoga County Common Pleas Court. Laboy argues that the trial court violated his constitutional right to confront witnesses against him and erred when it sentenced him to more than the minimum term of imprisonment. For the following reasons, we affirm the decision of the trial court, vacate the imposed sentence and remand for resentencing.
 {¶ 2} This case arises out of the sexual assault of the victim, A.E.[1] ("victim"), by her biological father, Larry Laboy. The victim was born in Cleveland, Ohio to Laboy and his wife, Donna Laboy ("Donna"). Their union produced two other children, L.L. and C.L., who are both younger than the victim. When the victim was approximately seven years old, her family moved to 9402 McCracken Boulevard in Garfield Heights, Ohio, where she lived with her family until she graduated from high school.
 {¶ 3} Both of the victim's parents worked while she was growing up. Laboy worked at Baldwin International in Solon during the day, and Donna worked nights at Riser Foods. Laboy was the disciplinarian for the three children. When Donna went to work in the evening, the victim and Laboy would frequently spend time in the basement watching television after the boys went to sleep. It was during these nights that Laboy began sexually abusing the victim.
 {¶ 4} The victim recalled that the first incident occurred in 1990, when she was approximately ten years old and in the fifth grade. Laboy and the victim were in the basement when he got on top of her and began kissing her neck and lips. Laboy wanted the victim to "suck his penis" and he "coached" her on how to perform this act. The victim recalled that the act made her gag but that Laboy continued until he ejaculated. Afterwards, Laboy stated that he loved her and that she was "daddy's little girl."
 {¶ 5} During that incident, Laboy left several hickies on victim's neck and instructed her to tell anyone who noticed that she got the marks while wrestling with her brothers. The victim's fifth-grade teacher, Ms. Lorenz, noticed the hickies and questioned the victim, who gave her teacher the prepared response.
 {¶ 6} The victim remembered another incident that occurred when she was approximately ten years old. While in the basement, Laboy tried to have anal intercourse with the victim. She got down on her hands and knees while Laboy moved himself behind her on his knees. The victim stated that her pants and underwear were partially removed and Laboy's pants were pulled down. The victim reported that Laboy tried to insert his penis, but she began to cry because it hurt so much. Laboy stopped after a few minutes.
 {¶ 7} The victim also remembered a time when Laboy performed oral sex on her. Laboy kissed the victim's neck, down her stomach and inserted his tongue into her vagina. The victim stated that he ran his tongue all over her vagina. The victim remembered another incident that occurred on March 1, 1995, when she was a freshman in high school and approximately fifteen years old. The victim stated that she wanted to stay up later than her bedtime to watch the Grammy Awards. Laboy agreed to let her stay up, but only if she sucked his penis. The victim got down on her hands and knees and Laboy moved her head with his hands until he ejaculated. Afterwards, Laboy told the victim that nobody loved her like he did and that she was daddy's little girl.
 {¶ 8} The victim stated that these incidents stopped when she was approximately sixteen years old. The victim stated that she never told anyone of the sexual abuse. After her high school graduation, the victim joined the United States Army where she met and married her second husband. The couple moved to South Carolina. After the victim and her husband began having marital problems in 2003, she began seeing a counselor. The victim told her counselor about the sexual abuse and the counselor advised her to tell her husband. Her counselor also suggested that the victim write a letter to her mother, who was still married to Laboy.
 {¶ 9} In April 2003, the victim wrote a letter to her mother telling her about the sexual abuse. However, before sending the letter, the victim called her mother on the telephone and confessed to the abuse she suffered at the hands of her father. Donna received the victim's letter a short time after her phone call with her daughter.
 {¶ 10} Donna stated that the night she learned of the abuse, she confronted Laboy. Laboy did not deny the abuse and merely hung his head and asked where she heard the allegations. Donna told Laboy that after their sons finished school in June 2003, she was moving out.
 {¶ 11} In June 2003, Donna moved in with her sister. Her two sons remained with Laboy, and Donna continued to visit them on a regular basis. Donna also filed for divorce, which became final in January 2004. Additionally, Donna told several friends and family about the sexual abuse. Donna admitted that despite learning of the sexual abuse, she continued to have sexual relations with Laboy. Donna stated that she knew it was wrong, but claimed she had a hard time breaking off the relationship. Donna also admitted that she had a one-year affair with another man during the course of her marriage to Laboy. The victim reported the sexual abuse to the Garfield Heights Police Department in June 2005. She also made arrangements with a detective to make a recorded phone call to Laboy at his home. On June 9, 2005, the victim made the call to her father. During the recorded conversation, the victim asked her father what she did wrong and confronted him about the sexual acts he made her perform. Laboy told the victim that he confused her with her mother stating "I would almost think sometimes that I wished something would happen to her at the time, so you would be the woman in my life." Laboy refused to either admit or deny the allegations and repeatedly discussed his newfound faith and his new girlfriend, Sherri.
 {¶ 12} One week after this recorded phone conversation, Garfield Heights Detectives interviewed Laboy. Laboy stated that the allegations made by the victim were part of a smear campaign started by Donna and meant to get back at him for ending their marriage. Laboy claimed that after the divorce, he was seeing both Donna and his girlfriend Sherri. After Donna gave him an ultimatum to choose between the women, Laboy chose Sherri. Laboy claimed that this enraged Donna to the point that she began a campaign to destroy Laboy. Laboy could not explain why the victim would come forward with these allegations, he merely focused on Donna and her campaign to destroy him. Laboy never admitted to sexually abusing the victim.
 {¶ 13} On August 19, 2005, the Cuyahoga County Grand Jury returned a fifty-count indictment against Laboy. Count one charged Laboy with rape, in violation of R.C. 2907.02(A)(1)(b), and contained a furthermore clause indicating that Laboy used force. Counts thirty-one and forty-five charged Laboy with rape, in violation of R.C. 2907.02(A)(2). Count forty-six charged Laboy with attempted rape, in violation of R.C. 2923.02 and R.C.2907.02(A)(2). Counts two through thirty, counts thirty-two through forty-four, and counts forty-seven through fifty were dismissed by the State of Ohio ("State") prior to the start of trial and will not be discussed further.
 {¶ 14} Laboy pleaded not guilty, and his jury trial commenced on November 28, 2005. On December 1, 2005, the jury found Laboy guilty of all four counts as charged in the indictment. Additionally, the jury found Laboy guilty of the furthermore clause as charged in count one. On December 13, 2005, the trial court sentenced Laboy to the mandatory life imprisonment with parole eligibility after fifteen years on count one. The trial court imposed five-year sentences on the remaining three counts and ordered all sentences to run concurrently. On that same day, the trial court conducted a House Bill 180 hearing and determined that Laboy was a sexually oriented offender and imposed reporting requirements.
 {¶ 15} Laboy appeals, raising the two assignments of error contained in the appendix to this opinion.
 {¶ 16} In his first assignment of error, Laboy argues that the trial court violated his constitutional right to confront the witnesses against him. Specifically, Laboy claims that the trial court erred in two ways: (1) by not allowing into evidence letters and cards written by the victim and Donna to Laboy; and (2) by not allowing a previously undisclosed witness to testify. These arguments will be addressed separately.
"The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. The applicable standard of review for questions regarding the admission of evidence is an abuse of discretion. An abuse of discretion `connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" (Citations omitted).
State v. Hamilton, Cuyahoga App. No. 86520, 2006-Ohio-1949.
 {¶ 17} We will first address Laboy's argument that the victim's and Donna's letters and cards to Laboy should have been admitted. After the victim and Donna testified and were subject to cross-examination, redirect, and recross-examination, Laboy's attorney moved to admit several cards and letters written by the victim and Donna to Laboy. The purpose of this admission was to bolster Laboy's allegation that he continued to have good relationships with both the victim and Donna after the victim disclosed the sexual abuse. The trial court did not allow their admission, finding that Laboy's attorney should have used the evidence during the cross-examination of both witnesses. The trial court concluded that because both witnesses were no longer testifying, Laboy missed his opportunity to admit the evidence. We agree with the trial court's conclusion.
 {¶ 18} Under Evid.R. 613(B), a party may introduce extrinsic evidence of a witness's prior inconsistent statement to impeach the witness's credibility. Laboy argues that he should have been able to admit the cards and letters to show that he had a good relationship with the victim and Donna after the victim disclosed the abuse in 2003. This argument is flawed.
 {¶ 19} Laboy's argument disregards the difference between using a prior inconsistent statement to impeach its maker under Evid.R. 613(B), and using it as substantive evidence, i.e., to prove the truth of the matter asserted. Laboy cites to Evid.R. 613(B), which permits extrinsic evidence of a prior inconsistent statement only to impeach. But, he argues that the letters and cards should have been admitted substantively to prove that he had good relationship with the victim and Donna after the disclosure of sexual abuse.
 {¶ 20} Evid.R. 801(D)(1)(a) covers substantive use of a prior inconsistent statement. Pursuant to that rule, there are certain circumstances in which a prior inconsistent statement does not constitute hearsay and may be used as substantive evidence. A prior inconsistent statement is not hearsay if it "was given under oath subject to cross-examination by the party against whom the statement is offered and subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition." Evid.R. 801(D)(1)(a). See, State v. Julian (1998),129 Ohio App.3d 828.
 {¶ 21} The victim's and Donna's alleged prior inconsistent statements meet none of the criteria for substantive admissibility under Evid.R. 801(D)(1)(a). They were neither under oath, subject to cross-examination, nor given at a proceeding or deposition. Therefore, the victim's and Donna's statements could not have been used subjectively.
 {¶ 22} Additionally, while defense counsel could have used the evidence to impeach both the victim and Donna while on the stand, no prejudice resulted from this failure. Donna testified that she continued to engage in sexual relations with Laboy up until 2005. Additionally, Laboy introduced photographs documenting his 2005 visit to the victim in South Carolina. Therefore, the jury heard and saw evidence of Laboy's ongoing relationships with the victim and Donna. Accordingly, we find that the trial court did not err when it did not allow the cards and letters into evidence.
 {¶ 23} We will now address Laboy's argument that the trial court should have allowed him to call Diane Hill ("Hill"). After the State rested, and after Laboy testified in his own defense, Laboy's counsel sought to call Hill to the stand. Laboy claimed that Hill would testify that Donna perjured herself during her testimony. Specifically, Laboy claimed Donna lied about the length of the affair she had during her marriage, that she asked the victim to write the letter disclosing the sexual abuse, and that Donna lied when she denied having sexual intercourse with Laboy during their visit to South Carolina.
 {¶ 24} The trial court conducted a voir dire examination of both Donna and Hill. Hill stated that after Donna testified, she admitted to Hill that she and Laboy engaged in sexual intercourse in South Carolina and that she asked the victim to send her a letter so she would have written proof of the sexual abuse. Donna denied engaging in sexual intercourse with Laboy in South Carolina and stated that the victim wrote her the letter on the advice of her counselor.
 {¶ 25} The trial court determined that Hill could not testify. The court specifically concluded that these inconsistent statements were not given under oath and constituted impermissible hearsay. We agree with the trial court's conclusion.
 {¶ 26} Once again, Laboy cites to Evid.R. 613 in support of his argument that he should have been allowed to use Hill's testimony to impeach Donna. However, the plain reading of Evid.R. 613 reveals that Laboy's argument is without merit. Evid.R. 613(A) provides as follows:
"In examining a witness concerning a prior inconsistent statement made by the witness, whether written or not * * *." (Emphasis added).
 {¶ 27} Evid.R. 613(A) does not apply because it deals with prior inconsistent statements. Laboy sought to impeach Donna through a statement she made after her testimony. Additionally, Evid.R. 613(A) does not apply because Laboy was not seeking to call Donna, the person who allegedly made the statements.
 {¶ 28} Evid.R. 613(B) does not apply either. Evid.R. 613(B) provides in pertinent part:
"Extrinsic evidence of a prior inconsistent statement by a witness is admissible if both of the following apply:
(1) If the statement is offered solely for the purpose of impeaching the witness, the witness is afforded a prior opportunity to explain or deny the statement and the opposite party is afforded an opportunity to interrogate the witness on the statement or the interests of justice otherwise require;
(2) The subject matter of the statement is one of the following:
(a) A fact that is of consequence to the determination of the action other than the credibility of a witness;
(b) A fact that may be shown by extrinsic evidence under Evid. R. 608(A), 609, 616(A), 616(B) or 706;
(c) A fact that may be shown by extrinsic evidence under the common law of impeachment if not in conflict with the Rules of Evidence."
 {¶ 29} Even if we were to disregard the fact that Evid.R. 613 deals with prior inconsistent statements, the alleged statements do not fit the requirements of Evid.R. 613(B)(2). Accordingly, the trial court was correct in not allowing Hill to testify.
 {¶ 30} We find that the trial court did not abuse its discretion when it excluded the letters, cards, and Hill's testimony.
 {¶ 31} Laboy's first assignment of error is overruled.
 {¶ 32} In his second assignment of error, Laboy argues that the trial court erred when it sentenced him to more than the minimum term of imprisonment. In this assigned error, Laboy argues that his imposed sentence violated his constitutional right to a trial by jury, which requires this court to vacate his sentence. However, Laboy also argues that the severance remedy created by the Ohio Supreme Court in State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, is unconstitutional because it violates the ex post facto and due process clauses of the United States Constitution. Laboy claims that the Foster decision erased a presumption that was beneficial to the defendant, which was an unanticipated remedy.
 {¶ 33} We agree in part with Laboy's argument. The Foster
court found that judicial findings are unconstitutional and that several provisions of Senate Bill 2 are unconstitutional.Foster, supra. The court concluded that a trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive, or more than the minimum sentences. Id.
 {¶ 34} In the present case, the trial court sentenced Laboy under an unconstitutional statutory provision. Id. Therefore, he must be resentenced. State v. Harrison, Cuyahoga App. No. 86925, 2006-Ohio-4119. For these reasons, we agree with Laboy that his imposed sentence must be vacated.
 {¶ 35} We disagree, however, with Laboy's argument that the severance remedy created by Foster violates the ex post facto and due process clauses of the United States Constitution. The third appellate district recently heard similar arguments and concluded that the issue was not properly before it because the defendant in question had yet to be resentenced. State v.McKercher, Allen App. No. 1-05-83, 2006-Ohio-1772. We adopt the third district's approach and find that because Laboy has not been resentenced, this issue is not properly before us.
 {¶ 36} Laboy's second assignment of error is sustained.
 {¶ 37} We affirm Laboy's judgment of conviction, vacate Laboy's imposed sentence and remand the matter for resentencing.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Corrigan, J., concur.
 Appendix Assignments of Error:
 "I. Larry Laboy was denied his constitutional right toconfront the witnesses against him, when the trial courtimproperly limited his ability to impeach two key state'switnesses.
 II. Larry Laboy, who has never served a prison term before,was denied his constitutional right to a trial by jury by theimposition of sentences in excess of the minimum sentence."
[1] This court protect the identity of victims of sexual offenses.