JOURNAL ENTRY AND OPINION
{¶ 1} Donte Jones ("Jones") appeals from his convictions received in the Cuyahoga County Court of Common Pleas. Jones argues that the trial court erred in admitting evidence, his trial counsel rendered ineffective assistance, the State of Ohio ("State") failed to support his convictions with sufficient evidence, and his convictions are against the manifest weight of the evidence. For the following reasons, we affirm Jones' convictions.
 {¶ 2} In 2005, Cleveland Police Officers received a tip that drugs were being sold from the residence of 9105 Sauer Avenue. The police acted on that tip by first checking for evidence of who lived there, and then by conducting surveillance on the property. Detective Tommy Hall ("Detective Hall") and his partner Detective Leland Edwards ("Detective Edwards") were assigned to the case and acted together. *Page 2 
 {¶ 3} Detective Hall performed a utility check to see whose name(s) the gas bills were in, and ran the address and names through the police department computer. As a result, the police received a fax transmission from Dominion East Ohio Gas dated December 9, 2005, which showed that the bills for 9105 Sauer Avenue were in the name of Donte Jones and also included his social security number.
 {¶ 4} After learning who occupied the residence, the police conducted surveillance. Detectives Hall and Edwards observed people approach the front door of 9105 Sauer Avenue, knock, and a heavy-set woman would come from inside the residence. This woman was later identified to be codefendant Taiesha Henderson ("Henderson"). The detectives observed Henderson speak with the person for a few seconds, go back inside the residence, and a few seconds later return to the door. The detectives then observed Henderson make a hand-to-hand transaction with the person at the door, who would then leave the area.
 {¶ 5} The detectives believed they had witnessed drug activity and obtained a confidential informant ("informant") to make a controlled purchase of drugs from 9105 Sauer Avenue. On December 8, 2005, and December 13, 2005, Detectives Hall and Edwards took the informant to the residence with previously recorded City of Cleveland buy money. The informant went to the door, Henderson answered the door and proceeded to sell the informant crack cocaine. On one occasion, the police *Page 3 
purchased 1.02 grams of crack cocaine for $100 and, on the other, they purchased less than one gram for $40.
 {¶ 6} The detectives used all of this information to obtain a search warrant for the premises. On December 16, 2005, the police arrived at 9105 Sauer Avenue to execute the search warrant. Prior to making entry, the police conducted surveillance and observed a male named Andre Minor ("Minor") enter the house. Approximately fifteen minutes later, the Special Weapons and Tactics Unit ("SWAT") knocked and announced their presence at the residence. SWAT then entered the residence and secured the location.
 {¶ 7} Detectives Hall and Edwards entered the residence after it had been secured and observed Henderson, Jones, and Minor. The detectives noticed that Jones was not wearing pants and only had on his boxer shorts. The detectives notified all three people of their constitutional rights and also informed them that the police had a warrant to search the premises.
 {¶ 8} Detective Edwards acted as the inventory officer during the search and created an inventory sheet with which to record any seized items. Detective Hall and Sergeant Carlton Darrell ("Sergeant Darrell") searched the upstairs of the residence, beginning with the master bedroom. Sergeant Darrell immediately noticed that a tile in the drop ceiling looked askew so he searched the area and recovered two bags containing large chunks of what appeared to be crack cocaine. Sergeant Darrell *Page 4 
also searched a pair of jeans located near the bed and recovered $1,831 and Jones' identification card from the pocket of the jeans. Detective Hall inspected the recovered money and discovered that it contained $80 of the marked City of Cleveland buy money that he and Detective Edwards used on December 8 and 13, 2005.
 {¶ 9} In addition to the drugs and money, the police found a digital scale, baggies, a spoon, a crack cocaine pipe, and two checking account statements from Charter One Bank with 9105 Sauer Avenue as the address and Jones as the recipient. The police also found several photographs of Henderson and Jones on the dining room table. Detective Edwards recorded all of the items on the inventory sheet; however, he mistakenly recorded the recovered $1,831 as being found in the drop ceiling. This error was later corrected in a supplemental police report.
 {¶ 10} The police forwarded the drugs to the Scientific Investigation Unit for testing by Crystal Sills ("Sills"), a scientific examiner. Sills determined that the two bags found in the drop ceiling of the master bedroom tested positive for 49.22 grams of cocaine. Sills also determined that the scale, the spoon and the crack pipe recovered from 9105 Sauer Avenue all tested positive for cocaine residue.
 {¶ 11} On January 4, 2006, a Cuyahoga County Grand Jury returned a three-count indictment charging Jones with possession of drugs, a first degree felony, drug trafficking, a first degree felony, and possession of criminal tools, a fifth degree *Page 5 
felony. The grand jury also returned an indictment charging codefendant Henderson with identical charges. Both Jones and Henderson pleaded not guilty and elected to try their cases to a jury.
 {¶ 12} During trial, Detectives Edwards, Hall, Sergeants Darrell and Sills testified to the above evidence. Additionally, the police testified that the weight of the crack cocaine, along with the scale and money, suggested to the police that Jones and Henderson were selling drugs. Detective Edwards, a twelve-year veteran of the Cleveland Police Department testified that drug traffickers use scales to weigh crack cocaine into unit doses prior to sale. Detective Hall, a sixteen-year veteran of the Cleveland Police Department, testified that, in his experience, 49.22 grams of crack cocaine indicated that the possessors are mid-level drug dealers. Detective Hall also explained that the street market value of 49.22 grams of crack cocaine was approximately $4,000.
 {¶ 13} On April 11, 2006, the jury found both Jones and Henderson guilty of all counts. On that same date, the trial court sentenced Jones to a total prison term of seven years. Jones appeals, raising the five assignments of error contained in the appendix to this opinion.
 {¶ 14} In his first assignment of error, Jones argues the trial court erred when it admitted prejudicial other acts testimony. Specifically, Jones argues the trial court *Page 6 
erred when it admitted testimony elicited from Detective Edwards that a photograph of Jones showed he had a joint in his mouth. This assignment of error lacks merit.
 {¶ 15} "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987),31 Ohio St.3d 173. Accordingly, we shall proceed under an abuse of discretion standard of review. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable * * *." State v. Adams (1980),62 Ohio St.2d 151.
 {¶ 16} Evid.R. 404(B) provides as follows:
 "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 17} In the instant case, the State introduced three photographs to the jury through the testimony of Detective Edwards. The State used the photographs to show that codefendant Henderson lived at the residence. When the State questioned Detective Edwards about the photographs, the State asked where the photographs were found, who they depicted, and what type of display holder they were in. It was not until cross-examination by Henderson's attorney that the following exchange took place:
 "Q. Is there any criminal act? *Page 7 
 A. They're showing money, they're flashing money. Looks like Donte might have a joint in his mouth."
 Q. You said it looks like Donte has a joint in his mouth, right? Could be a cigarette couldn't it?
 A. Could be, couldn't a joint." [sic]
 {¶ 18} Jones objected to Detective Edwards' first answer, and the trial court overruled the objection.
 {¶ 19} It is clear from the evidence in the record that the State did not elicit or admit any evidence of other crimes, wrongs, or acts in violation of Evid.R. 404(B). Henderson's attorney elicited the testimony, and the State did not recross-examine Detective Edwards in an attempt to prove Jones' character or that he acted in conformity therewith in committing the instant crimes. Moreover, the court did not admit these three photographs for consideration by the jury during deliberation. Therefore, we find that the trial court did not abuse its discretion when it overruled Jones' objections to the testimony.
 {¶ 20} Jones' first assignment of error is overruled.
 {¶ 21} In his second assignment of error, Jones argues the trial court committed plain error when it admitted evidence that was unfairly prejudicial. Specifically, Jones argues that Detective Hall's statement that Jones had prior drug arrests constituted inadmissible other acts testimony, introduced to prove Jones' bad *Page 8 
character. Jones contends that the probative value of the statement is outweighed by the prejudicial effect it may have had on the jury. Defense counsel did not object or move to strike and, therefore, we are asked to recognize plain error with respect to the statement being admitted.
 {¶ 22} A reviewing court may notice plain errors that affect a substantial right even though no objection was made. Crim.R. 52(B). In order to prevail under a plain error analysis, Jones bears the burden of demonstrating that the outcome of trial clearly would have been different, but for the error. State v. Jenkins, Cuyahoga App. No. 87606,2006-Ohio-6421. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. For the following reasons, we decline to find plain error in this case.
 {¶ 23} As stated above, evidence of other acts is not admissible to prove character or a character trait of a person so as to show he acted in conformity with that character or trait. Evid.R. 404(B).
 {¶ 24} During trial, Detective Hall made the following statement:
 "Well, relative to this investigation, Donte Jones's name was put into the database search and it revealed numerous drug arrests."
 {¶ 25} While it would have been preferable for Detective Hall not to volunteer the statement concerning Jones' criminal arrest history, we do not agree with Jones' characterization of the testimony. In context, the statement constituted background *Page 9 
evidence explaining why the police began surveillance on 9105 Sauer Avenue and was not presented to prove character. The statement was part of a narrative response by Detective Hall, not testimony elicited by any specific question by the State. We recognize that the State cannot use testimony that the accused is a bad person to support their evidence of guilt. See, State v. Flaherty (1992), 78 Ohio App.3d 718; State v.Sexton, Franklin App. No. 01AP-398, 2002-Ohio-3617. However, this is not a case where such an attempt took place.
 {¶ 26} Neither the State nor the defense attorney pursued the statement concerning Jones during the examination of Detective Hall or during the questioning of any other witness. Additionally, neither counsel mentioned the testimony in closing argument. We find no reasonable possibility that the challenged testimony contributed to Jones' conviction. Accordingly, Jones' second assignment of error is overruled.
 {¶ 27} In his third assignment of error, Jones argues that his trial counsel rendered ineffective assistance. This assignment of error lacks merit.
 {¶ 28} Reversal of a conviction for ineffective assistance of counsel requires that Jones show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive him of a fair trial. Sexton, supra, citingStrickland v. Washington (1984), 466 U.S. 668. For counsel's performance to be deficient, counsel's performance at trial must have fallen below *Page 10 
an objective standard of reasonableness. Sexton, supra. To establish prejudice, Jones must prove the existence of a reasonable probability that, but for counsel's errors, the outcome of trial would have been different. Id.
 {¶ 29} Jones argues that his counsel rendered ineffective assistance in failing to object to Detective Hall's statement that Jones had numerous drug arrests. Based on our discussion of Jones' second assignment of error, we find that it is readily conceivable that defense counsel recognized how an objection would call attention to the comment and, perhaps, result in the jury attaching undue weight to the statement. The decision not to object to the admission falls within the boundaries of a trial counsel's latitude. Sexton, supra. As stated by the tenth appellate district in Sexton, supra, "[t]he failure to object, by itself, will generally not sustain a claim of ineffective assistance of counsel, particularly where, as here, the failure does not substantially violate an essential duty or otherwise prejudice the accused in a significant way." Id.
 {¶ 30} In our analysis of Jones' second assignment of error, we concluded that the admission of Detective Hall's statement did not contribute to Jones' conviction. Based on this determination, we find Jones' counsel's failure to object does not constitute ineffective assistance of counsel. Jones' third assignment of error is overruled. *Page 11 
 {¶ 31} In his fourth assignment of error, Jones argues the State failed to present sufficient evidence to support his convictions for possession of drugs and trafficking in drugs. In his fifth assignment of error, Jones argues that his convictions for possession of drugs and trafficking in drugs are against the manifest weight of the evidence. Although these arguments involve different standards of review, we will consider them together because we find the evidence in the record applies equally to both.
 {¶ 32} The standard of review with regard to the sufficiency of the evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261, as follows:
 "Pursuant to Criminal Rule 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
 {¶ 33} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, in which the Ohio Supreme Court held:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Citation omitted.)
 {¶ 34} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into *Page 12 
proceedings which it finds to be fatally flawed through misrepresentation or misapplication of the evidence by a jury which has "lost its way." State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. As the Ohio Supreme Court declared:
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'
 * * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. at 387. (Internal Citations Omitted.)
 {¶ 35} However, this court should be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact, and a reviewing court must not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the State has proven the offense beyond a reasonable doubt.State v. DeHass (1967), 10 Ohio St.2d 230, at paragraphs one and two of the syllabus. The goal of the reviewing court is to determine whether the new trial is mandated. A reviewing court should only grant a new trial in the *Page 13 
"exceptional case in which the evidence weighs heavily against a conviction." State v. Lindsey, 87 Ohio St.3d 479, 483, 2000-Ohio-465. (Internal citation omitted.)
 {¶ 36} The jury found Jones guilty of possession of drugs, which, pursuant to R.C. 2925.11 provides as follows:
 "No person shall knowingly obtain, possess, or use a controlled substance."
 {¶ 37} R.C. 2925.01(K) defines possession as "* * * having control over a thing
 {¶ 38} or substance but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." Possession can be actual or constructive. State v. Brown, Cuyahoga App. No. 87932, 2007-Ohio-527. Actual possession entails ownership or physical control, whereas constructive possession exists when an individual knowingly exercises dominion and control over an object, even though the object may not be within his or her immediate physical possession. Id.; State v.Hankerson (1982), 70 Ohio St.2d 87.
 {¶ 39} The State may show constructive possession of drugs by circumstantial evidence alone. State v. Trimbly (2000),137 Ohio App.3d 134. Circumstantial evidence is defined as "[t]estimony not based on actual personal knowledge or observation of the facts in controversy, but of other facts from which deductions are drawn, showing indirectly the facts sought to be proved. * * *" State v. Nicely (1988),39 Ohio St.3d 147. *Page 14 
 {¶ 40} The jury also found Jones guilty of drug trafficking, which pursuant to
 {¶ 41} R.C.2925.03 provides as follows:
 "No person shall knowingly * * * prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance * * *."
 {¶ 42} When looking at the evidence in the light most favorable to the state, any rational trier of fact could have found the essential elements of drug possession and drug trafficking proven beyond a reasonable doubt. The officers recovered 49.22 grams of crack cocaine in the drop ceiling in the master bedroom of the house where Jones lived. The officers also recovered from the master bedroom $1,831 in cash located in the pocket of jeans that also contained Jones' identification card. Within that amount of confiscated money was $80 of City of Cleveland marked buy money the officers used during their controlled purchases from 9105 Sauer Avenue. Finally, the officers located two bank statements addressed to Jones at 9105 Sauer Avenue.
 {¶ 43} All of this circumstantial evidence points to Jones. Jones is the listed owner on the utilities of 9105 Sauer Avenue; Jones kept his clothes and personal items in the master bedroom; the drop ceiling over the bed was askew and directly inside were 49.22 grams of crack cocaine. Additionally, the marked money was found with his identification card, and the officers testified that in their experience, such a large amount of crack cocaine would be divided up and weighed and then sold on the street for a profit. *Page 15 
 {¶ 44} We therefore find that the State supported Jones' convictions for possession of drugs and drug trafficking with sufficient evidence. We further find that Jones' convictions are not against the manifest weight of the evidence. The basis for Jones' argument in support of this portion of his appeal is the conflicting inventory sheet. Jones claims that because the inventory sheet lists the money as being found in the drop ceiling, and the officers claimed they recovered the money from a pair of jeans, his conviction must be reversed.
 {¶ 45} Although a conflict existed as to where the officers recovered the $1,831, the conflict was explained by Detectives Edwards, Hall and Sergeant Darrell. Taking into consideration the explanation, along with all the other incriminating evidence supplied by the State, we cannot say that the jury lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 {¶ 46} Accordingly, we affirm Jones' conviction for possession of drugs and drug trafficking. Jones' fourth and fifth assignments of error are overruled.
 {¶ 47} The judgment of the trial court is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 16 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., A.J., and ANTHONY O. CALABRESE, JR., J., CONCUR.
 Appendix A
Assignments of Error: "I. The trial court erred in permitting the admission of unfairly prejudicial "other acts" testimony in violation of evidence rules 403, 404, and R.C. 2945.59 and appellant's rights under Article I Sec. 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.
 II. Plain error occurred with the admission of unfairly prejudicial evidence in violation of appellant's rights under Article I, Section 16 of the Ohio Constitution and the Fourteenth Amendment to the United States Constitution.
 III. Appellant was denied his right to effective assistance of counsel guaranteed by Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendment to the United States Constitution when his attorney failed to object to unfairly prejudicial evidence.
 IV. The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that appellant was guilty of *Page 17 possession of drugs as charged in count one and drug trafficking as charged in count two.
 V. Appellant's conviction for possession of drugs and drug trafficking were against the manifest weight of the evidence." *Page 1