JOURNAL ENTRY AND OPINION
{¶ 1} Edwin Guyton ("Guyton") appeals from his conviction received in the Cuyahoga County Common Pleas Court. Guyton argues the trial court erred in admitting hearsay testimony and in making its jury instructions, the trial court violated his right to confrontation, his conviction is against the manifest weight of the evidence, and his trial counsel rendered ineffective assistance. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} In early fall 2005, Fifth District Cleveland Police Officers targeted the area of East 79th Street and Cedar Avenue in response to complaints of drug activity. In particular, the officers received complaints about a male named Marlo selling drugs in the area. As a result, Lieutenant Ronald Timm ("Lieutenant Timm") *Page 3 
acquired the services of a confidential informant ("CI"). On September 28, 2005, Lieutenant Timm, along with the CI, Detective David Sims ("Detective Sims"), Detective George Lewandowski ("Detective Lewandowski") and other vice officers proceeded to East 79th Street and Cedar Avenue.
 {¶ 3} Lieutenant Timm observed the CI approach Guyton, in front of a storefront on the north side of Cedar Avenue at East 79th
Street. While the CI and Guyton were talking, the officers lost sight of the two for approximately one to two minutes. However, when the CI and Guyton reappeared, Lieutenant Timm and Detective Lewandowski observed the CI with outstretched hands. The officers believed illegal activity had occurred and approached in their undercover vehicles.
 {¶ 4} The officers startled Guyton, who turned and threw an object. Lieutenant Timm searched the area where Guyton threw the object and recovered a plastic baggie that contained rocks of suspected crack cocaine. The officers placed Guyton under arrest. Detective Sims transported Guyton to the Cleveland Police Department, where he searched Guyton and recovered $ 169 in cash.
 {¶ 5} On November 23, 2005, a Cuyahoga County Grand Jury returned an indictment charging Guyton with drug possession, two counts of trafficking offenses, and one count of possession of criminal tools. Prior to trial, defense counsel moved to reveal the identity of the purported confidential informant witness, or, in the alternative, to dismiss the two trafficking counts in the indictment. The State of Ohio ("State") opted to dismiss both trafficking offenses. The trial court then limited what *Page 4 
testimony could and could not be presented as to the activities of the informant. The parties also stipulated to the forensic analysis of the drugs that determined the substance tested positive for crack cocaine in the amount of 1.16 grams.
 {¶ 6} At the close of the State's evidence, the trial court granted defense counsel's motion for acquittal on count four, possession of criminal tools.
 {¶ 7} In his defense, Guyton called Mr. Willie James Griggs ("Griggs") to the stand. Griggs testified that on September 28, 2005, he resided at 7807 Cedar Avenue in a second floor apartment. Griggs indicated that he watched out of his living room window while the officers arrested Guyton. Griggs testified that he did not see Guyton commit any illegal activity other than drinking a bottle of wine in the street. On cross-examination, Griggs testified that Guyton was known as Marlo and that he observed officers pick up something behind where Guyton had been sitting.
 {¶ 8} On May 26, 2006, the jury returned a guilty verdict on the only remaining count, possession of drugs. The trial court sentenced Guyton to nine months in prison.
 {¶ 9} Guyton appeals, raising the five assignments of error contained in the appendix to this opinion.
 {¶ 10} In his first assignment of error, Guyton argues the trial court erred when it admitted impermissible hearsay testimony. This assigned error lacks merit.
 {¶ 11} The admission or exclusion of evidence rests within the sound discretion of the trial court. State v. Laboy, Cuyahoga App. No. 87616,2006-Ohio-5927. *Page 5 
"The applicable standard of review for questions regarding the admission of evidence is an abuse of discretion. An abuse of discretion `connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.'" Id. (Internal citations omitted.)
 {¶ 12} Guyton finds error with statements made by defense witness Griggs and State's witness Detective Lewandowski. We shall address each incident of alleged hearsay separately.
 {¶ 13} With regard to Griggs' statements, Guyton argues that while on cross-examination, the prosecutor asked Griggs about a conversation Griggs had the day prior to his testimony with one of the detectives in the case. When the prosecutor asked "What did you tell him?" the trial court overruled defense counsel's objection and the witness answered as follows:
 "That I was there looking out the window when I saw the police officer pick up something behind Marlo [Guyton] off the ground."
 {¶ 14} Evid. R. 801(C) defines hearsay as follows:
 "Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted."
 {¶ 15} As explained above, Griggs did not testify to a statement made by another person. Griggs testified to a statement he made to a detective one day prior to his testimony. As such, his testimony is not hearsay and was properly admitted into evidence. *Page 6 
 {¶ 16} In addition, Guyton finds error with the following exchange between the
State and Detective Lewandowski:
 "Q: Did there come a time during the summer or early fall in which you received information about that area?
 A: Yes.
 Q: What information did you receive?
 A: I received information from our lieutenant, Lieutenant Timm, who testified earlier, about a certain individual selling drugs in the area.
 Q: Okay, do you know that individual's name?
 Mr. Castle: Objection.
 The Court: I'll permit it.
 A: At the time we knew him as Marlo."
 {¶ 17} This testimony was part of a long line of questioning in which the prosecutor elicited from the witness the course of the investigation and the steps he took to ascertain the true identity of the person he arrested. The answers given in this type of questioning are not hearsay, because the witness did not give this information for the truth of the matter asserted, that is, to show that Marlo, also known as Guyton, is a drug dealer. The Ohio Supreme Court addressed this issue and held as follows:
 "The testimony at issue was offered to explain the subsequent investigative activities of the witnesses. It was not offered to prove the truth of the matter asserted. It is well established that extrajudicial statements made by an out-of-court declarant are properly admissible to explain the actions of a witness to whom the statement was directed. *Page 7 
 * * * The testimony was properly admitted for this purpose." State v. Thomas (1980), 61 Ohio St.2d 223; State v. Jenkins, Cuyahoga App. No. 87606, 2006-Ohio-6421.
 {¶ 18} Additionally, in State v. Huscusson, Tuscarawas App. No. 2004AP050040, 2005-Ohio-864, the Fifth Appellate District upheld a trial court's decision to admit the Law Enforcement Automated Data Service ("LEADS") printout to verify Huscusson's identity. TheHuscusson court determined that the evidence was properly admitted for non-hearsay purposes, including demonstrating the officer's process and reasoning in verifying Huscusson's identity. Id.
 {¶ 19} We find the instant case analogous to Huscusson. The testimony elicited by Detective Lewandowski was properly admitted to show that Guyton is also known as Marlo. The evidence was not admitted to show that Guyton, also known as Marlo, is a drug dealer.
 {¶ 20} Based on the above, we find that Detective Lewandowski's statements did not constitute impermissible hearsay.
 {¶ 21} The trial court did not err when it allowed the statements of Griggs and Detective Lewandowski. Guyton's first assignment of error is overruled.
 {¶ 22} In his second assignment of error, Guyton argues the trial court violated his right of confrontation and admitted impermissible other acts evidence in violation of Evid.R. 404(B). This assignment of error lacks merit.
 {¶ 23} First, Guyton argues his right of confrontation was violated when he was not permitted to cross-examine the confidential information concerning the activities *Page 8 
of September 28, 2005. In this case, the State elected to dismiss the trafficking offenses and maintain the confidentiality of its informant. As such, the trial court limited the testimony of the State's witnesses to comport with only what they observed. No witness could testify that the CI was going to purchase drugs from the defendant, that the officers searched the CI and found him to be free of drugs, or that any drugs were turned over by the CI after Guyton's arrest.
 {¶ 24} Guyton claims the trial court violated its own pretrial ruling when it allowed the State, during opening statements, to inform the jury that the officers observed Guyton hand the CI an object. Additionally, Guyton argues that testimony from Lieutenant Timm and Detective Lewandowski that Guyton and the CI appeared to be involved in an illegal transaction further violated his right of confrontation.
 {¶ 25} The testimony of Lieutenant Timm and Detective Lewandowski does not violate Guyton's right of confrontation. Both Lieutenant Timm and Detective Lewandowski testified as to what they observed between Guyton and the CI. Guyton's defense attorney questioned each officer thoroughly. As such, Guyton was given the opportunity to confront the witnesses against him. Guyton was not entitled to confront the CI, as the State dismissed both trafficking charges prior to trial. See,State v. Williams (1983), 4 Ohio St.3d 74.
 {¶ 26} Moreover, this evidence does not constitute impermissible other acts evidence in violation of Evid.R. 404(B). Evid.R. 404(B) provides as follows: *Page 9 
 "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith."
 {¶ 27} The testimony elicited above does not demonstrate that any prior bad act occurred. The testimony detailed the officers investigation and why they approached Guyton to place him under arrest. The testimony was not elicited to prove that Guyton trafficked in drugs and therefore, he must also possess drugs. Accordingly, any testimony that Guyton handed the CI an object was not used to show Guyton's character or that he acted in conformity therewith. See, State v.Jones, Cuyahoga App. No. 88161, 2007-Ohio-1443.
 {¶ 28} Finally, Guyton finds error with the following response by Detective
Lewandowski to a jury question:
 "A: Yes. The CI informant received two rocks of suspected crack cocaine."
 {¶ 29} While this response arguably violates the trial court's pretrial order regarding the CI, the court sustained the objection immediately raised by Guyton's counsel. Moreover, neither the State nor the defense attorney pursued the statement concerning Guyton during the examination of Detective Lewandowski or during the questioning of any other witness. Additionally, neither counsel mentioned the testimony in closing argument. We find no reasonable possibility that the challenged testimony contributed to Guyton's conviction.
 {¶ 30} Guyton's second assignment of error is overruled. *Page 10 
 {¶ 31} In his third assignment of error, Guyton argues the trial court erred during its instruction to the jury. In particular, Guyton claims the trial court should have given a limiting instruction regarding the evidence admitted in violation of Evid.R. 404(B). This assignment of error lacks merit.
 {¶ 32} In support of his argument, Guyton cites to the case ofState v. Hicks (May 19, 1989), Lucas App. No. H-88-23. InHicks, the Sixth District Appellate Court held that "where evidence of prior acts is admitted for one of the limited purposes enunciated under Ohio Evid.R. 404(B) or R.C. 2945.59, the jury must be instructed as to the limited purpose for which such evidence is admitted and admonish[ed] not to consider such evidence as proof of the crime charged."
 {¶ 33} While Guyton is correct in his quotation of Hicks, we determined above that none of the evidence admitted violated Evid.R. 404(B), nor was the evidence admitted for one of the limited purposes of Evid.R. 404(B). Accordingly, the trial court was not required to provide the jury with a limiting instruction.
 {¶ 34} Guyton's third assignment of error is overruled.
 {¶ 35} In his fourth assignment of error, Guyton argues his conviction for possession of drugs was against the manifest weight of the evidence. This assignment of error lacks merit.
 {¶ 36} In evaluating a challenge to the verdict based on manifest weight of the evidence, a court sits as the thirteenth juror, and intrudes its judgment into proceedings which it finds to be fatally flawed through misrepresentation or *Page 11 
misapplication of the evidence by a jury which has "lost its way."State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. As the Ohio Supreme Court declared:
 "Weight of the evidence concerns `the inclination of the greater amount of credible evidence offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.'
 * * * The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id. at 387. (Internal citations omitted.)
 {¶ 37} However, this court should be mindful that the weight of the evidence and the credibility of witnesses are matters primarily for the trier of fact, and a reviewing court must not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the State has proven the offense beyond a reasonable doubt.State v. DeHass (1967), 10 Ohio St.2d 230, at paragraphs one and two of the syllabus. The goal of the reviewing court is to determine whether the new trial is mandated. A reviewing court should only grant a new trial in the *Page 12 
"exceptional case in which the evidence weighs heavily against a conviction." State v. Lindsey, 87 Ohio St.3d 479, 483, 2000-Ohio-465. (Internal citation omitted.)
 {¶ 38} In the present case, we cannot say that the jury lost its way in convicting Guyton of possession of drugs. Lieutenant Timm testified that when he pulled up to Guyton, Guyton turned around and threw something. Although Lieutenant Timm did not see an object leave Guyton's hand, Lieutenant Timm recovered 1.16 grams of crack cocaine from the area where Guyton threw the object. Additionally, Detective Lewandowski observed Guyton make a throwing motion and actually observed an object leave Guyton's hand as he threw. Based on this testimony alone, the trier of fact could reasonably conclude from substantial evidence that the State proved the offense of possession of drugs beyond a reasonable doubt.
 {¶ 39} In response, Guyton argues that many other people were in this high-drug area and had the opportunity to leave the drugs where the officers recovered them. While the officers testified that other individuals were present in the area, there was no conflicting testimony regarding the fact that Guyton threw an object and the officers recovered 1.16 grams of crack cocaine. Accordingly, the greater amount of credible evidence supports Guyton's conviction for possession of drugs.
 {¶ 40} Guyton's fourth assignment of error is overruled.
 {¶ 41} In his fifth and final assignment of error, Guyton argues his trial counsel rendered ineffective assistance. Specifically, Guyton claims his trial counsel was ineffective for failing to object to a sleeping jury, failing to object to Detective *Page 13 
Lewandowski's testimony regarding a hand-to-hand transaction, and in failing to ask for a limiting instruction regarding Evid.R. 404(B). This assignment of error lacks merit.
 {¶ 42} In order to prevail on a claim for ineffective assistance of counsel, the defendant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052; State v.Bradley (1989), 42 Ohio St.3d 136. Counsel's performance may be found to be deficient if counsel "made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by theSixth Amendment." Strickland, at 687. To establish prejudice, "the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." Bradley, at 143.
 {¶ 43} In determining whether counsel's performance fell below an objective standard of reasonableness, "judicial scrutiny of counsel's performance must be highly deferential." Strickland, at 689. Because of the difficulties inherent in determining whether counsel rendered effective assistance in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. *Page 14 
 {¶ 44} In the present case, we have previously determined that the trial court did not abuse its discretion when it admitted Detective Lewandowski's testimony, nor did it err in failing to give the jury a limiting instruction regarding Evid.R. 404(B). Accordingly, we cannot state that Guyton's trial counsel was deficient in failing to object to either the testimony or the jury instructions.
 {¶ 45} Moreover, Guyton fails to establish how his counsel's failure to object to a sleeping jury prejudiced the outcome of his trial. The trial court noticed that the jury was tired and gave them a break. As such, there is no reasonable probability that the outcome of trial would have been different if Guyton's counsel had objected to the sleeping jury.
 {¶ 46} Based on the above, we find that Guyton's trial counsel did not render ineffective assistance. Guyton's fifth and final assignment of error is overruled.
 {¶ 47} Guyton's conviction is affirmed.
 It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 SEAN C. GALLAGHER, P.J., and ANN DYKE, J., CONCUR *Page 15 
 Appendix A
Assignments of Error: "I. The trial court erred by allowing the prosecutor to elicit hearsay testimony from defense witness Willie Griggs as well as from Detective Lewandowski.
 II. The trial court erred when it allowed State's witnesses to testify in regard to activities of a confidential informant in violation of defendant's right to confrontation. After ruling that such evidence was inadmissible and over defense objection thereby allowing other acts testimony in contravention of Evidence Rule 404(B).
 III. The trial court erred when it failed to instruct the jury in regard to evidence admitted in contravention to its own pre-trial ruling and Evidence Rule 404(B).
 IV. Edwin Guyton's conviction for drug possession is against the manifest weight of the evidence.
 V. Defendant Edwin Guyton was denied effective assistance of counsel in violation of the Sixth
and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution where counsel failed to challenge an inattentive jury, inadmissible police testimony and to elicit a limiting instruction to other acts testimony." *Page 1