JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Khristina Craig, appeals her conviction in the common pleas court following a bench trial. After review of the record and the arguments of the parties, we affirm.
 {¶ 2} On December 16, 2004, appellant was arrested as the result of a drug trafficking investigation in Lakewood, Ohio. On February 10, 2005, she was charged, along with two co-defendants,[1] on three counts of a 15-count indictment. Specifically, she was charged with one count of trafficking in crack cocaine in an amount equal to or exceeding 25 grams but less than 100 grams, in violation of R.C. 2925.03; one count of possession of crack cocaine in an amount equal to or exceeding 25 grams but less than 100 grams, in violation of R.C. 2925.11; and one count of possessing criminal tools, in violation of R.C. 2923.24. She pleaded not guilty to all charges.
 {¶ 3} Trial was initially set for March 15, 2005; however, several continuances were granted for various reasons, and trial did not begin until January 19, 2006. At that time, appellant waived her right to a jury and proceeded to a bench trial. Prior to trial, the state amended the drug possession and trafficking charges, reducing the amount of drugs involved to an amount equal to or exceeding 10 grams but less then 25 grams. At the close of the first day, trial was again continued until January 31, 2006 and finally concluded on February 2, 2006. *Page 4 
 {¶ 4} On February 10, 2006, the trial court found appellant guilty of drug possession and drug trafficking, both felonies of the second degree, and not guilty of the remaining charge of possession of criminal tools. On March 17, 2006, appellant was sentenced to two years in prison on each of the convictions, to run concurrently.
 {¶ 5} Appellant appeals, asserting a single assignment of error:
 {¶ 6} "I. Defendant was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution."
 {¶ 7} In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation.Strickland v. Washington (1984), 466 U.S. 668; State v. Brooks (1986),25 Ohio St.3d 144.
 {¶ 8} In reviewing a claim of ineffective assistance of counsel, it must be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith (1985),17 Ohio St.3d 98, 100, citing Vaughn v. Maxwell (1965), 2 Ohio St.2d 299, 301.
 {¶ 9} The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley (1989),42 Ohio St.3d 136, that: *Page 5 
 {¶ 10} `"When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant'sSixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness.'State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498,358 N.E.2d 623, 627, vacated in part on other grounds (1978),438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington (1984),466 U.S. 668. * * *
 {¶ 11} "Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. `An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365
(1981).' Strickland, supra, at 691. To warrant reversal, `[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.' Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *. *Page 6 
 {¶ 12} "Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v.Bradley, supra, at 141, 142.
 {¶ 13} Appellant argues that her trial counsel's representation was ineffective because counsel failed to file a motion to dismiss her indictment on speedy trial grounds. She contends that, had trial counsel filed a motion to dismiss, the court would have been forced to grant the motion, and she would not have been convicted of the drug offenses. After review of the record and the applicable law, we find no merit in appellant's argument.
 {¶ 14} The Sixth and Fourteenth Amendments to the United States Constitution, as well as Section 10, Article I of the Ohio Constitution, guarantee a criminal defendant the right to a speedy trial by the state.State v. O'Brien (1987), 34 Ohio St.3d 7, 8. In Barker v. Wingo (1972),407 U.S. 514, 523, 92 S.Ct. 2182, 2188, 33 L.Ed.2d 101 112-113, the United States Supreme Court declared that, with regard to fixing a time frame for speedy trials, "[t]he States * * * are free to prescribe a reasonable period consistent with constitutional standards * * *." To that end, the Ohio General Assembly enacted R.C. 2945.71 in order to comply with the Barker decision. See, also, State v. Lewis (1990),70 Ohio App.3d 624.
 {¶ 15} R.C. 2945.71 states in pertinent part:
 {¶ 16} "(C) A person against whom a charge of felony is pending: *Page 7 
 {¶ 17} "(1) Notwithstanding any provisions to the contrary in Criminal Rule 5(B), shall be accorded a preliminary hearing within fifteen consecutive days after his arrest if the accused is not held in jail in lieu of bail on the pending charge or within ten consecutive days after his arrest if the accused is held in jail in lieu of bail on the pending charge;
 {¶ 18} "(2) Shall be brought to trial within two hundred seventy days after his arrest.
 {¶ 19} "* * *
 {¶ 20} "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section."
 {¶ 21} The Ohio speedy trial statute constitutes a rational effort to enforce the constitutional right to a public speedy trial of an accused charged with the commission of a felony or misdemeanor and shall be strictly enforced by the courts of this state. State v. Pachay (1980),64 Ohio St.2d 218, 222. Once the statutory limit has expired, the defendant has established a prima facie case for dismissal. State v.Howard (1992), 79 Ohio App.3d 705, 707. At that point, the burden shifts to the state to demonstrate that sufficient time was tolled pursuant to R.C. 2945.72. State v. Geraldo (1983), 13 Ohio App.3d 27, 28. *Page 8 
 {¶ 22} Appellant has established a prima facie case for dismissal on speedy trial grounds since the time lapse clearly violates the 270-day statutory limit. She was arrested on December 16, 2004 and was not brought to trial until January 19, 2006 — over thirteen months after her arrest.
 {¶ 23} The state must then demonstrate acceptable extensions in accordance with R.C. 2945.72 in order for speedy trial time to be properly tolled. A review of the record indicates that sufficient time was tolled in accordance with R.C. 2945.72(H), which reads in pertinent part:
 {¶ 24} "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 25} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *."
 {¶ 26} It is undisputed that 91 days elapsed from appellant's arrest to her initially scheduled trial date of March 15, 2005. This takes into account the fact that she was held in jail for one day following her arrest, which counts as three days for the purposes of the speedy trial statute under R.C. 2945.71(E).[2] *Page 9 
 {¶ 27} A docket entry on March 15, 2005 indicates that trial was continued to April 11, 2005. Because no specific reason for the continuance is given, the time between March 15, 2005 and April 11, 2005 does not toll the speedy trial time, and those 28 days are counted against the state.
 {¶ 28} The record further indicates that trial was continued twice between April 11, 2005 and June 1, 2007 at appellant's request. Under R.C. 2945.72(H), speedy trial time may be tolled when continuances are granted on appellant's motion and for other reasonable causes. Appellant argues that although the docket indicates that the pertinent continuances were granted at her request, the journalized entry is insufficient to toll the time because no explanation is given for the trial court's decision. We disagree.
 {¶ 29} A trial court is not required to set forth the reasons for granting a continuance at the defendant's request. State v. Brelo, Cuyahoga App. No. 79580, 2001-Ohio-4245, citing State v. Baker (1993),92 Ohio App.3d 516, 636 N.E.2d 363; see, also, State v. Stamps (1998),127 Ohio App.3d 219, 226. "When the defendant's request for a continuance is in the record, the absence of an explanation for the continuance in a journal entry should not allow a defendant to use the speedy-trial statute as a sword rather than a shield that it was designed to be." Stamps, supra at 225. Continuances granted at appellant's request are held to be properly tolled for speedy trial purposes. *Page 10 
 {¶ 30} On June 6, 2005, appellant's trial was continued by the trial court until July 26, 2005[3] because the court was in trial on another case. Appellant did not object to this continuance. This court has held that "a sua sponte continuance due to a crowded court docket is deemed reasonable within the meaning of R.C. 2945.72(H) if the defendant failsto object to such court action." (Emphasis added.) State v.Robinson (Mar. 2, 1989), Cuyahoga App. No. 54709, at 7. As for counsel's failure to object, it is possible that such action was a trial tactic, and this court will not second guess trial strategy. State v.Tibbetts, 92 Ohio St.3d 146, 166-167, 2001-Ohio-132, 749 N.E.2d 226. Therefore, the days between June 6, 2005 and July 26, 2005 were properly tolled.
 {¶ 31} Appellant's speedy trial time continued to run until September 13, 2005, when trial was again continued at appellant's request. On September 13, 2005, trial was once again continued at appellant's request, and on September 29, 2005, the trial court sua sponte continued trial, without objection, until October 27, 2005, because the court was once again in the midst of another trial. Appellant's speedy trial time was properly tolled during this time. After October 27, 2005, appellant's speedy trial time properly ran until the case was called to trial on January 19, 2006. *Page 11 
 {¶ 32} After reviewing the record and calculating the time that elapsed between appellant's arrest and her trial, we find that she was brought to trial within the speedy trial statutory time frame. In view of this, appellant has not shown that the outcome of her case would have been different had her counsel filed a motion to dismiss on speedy trial grounds. Therefore, appellant cannot show that she was afforded ineffective assistance of counsel, and this appeal is without merit.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE
CHRISTINE T. McMONAGLE, J., CONCURS;
PATRICIA ANN BLACKMON, J., CONCURS IN JUDGMENT ONLY.
[1] Isaac D. Williams and Marshall H. Goodman.
[2] Although there is some confusion in the docket, the records from Lakewood Municipal Court and appellant's testimony clearly indicate that appellant was incarcerated for only one day following her arrest. In addition, both appellant and the state agreed and stipulated at oral argument that appellant only spent one day in jail.
[3] The common pleas docket is incomplete as to what occurred between June 1, 2005 and June 6, 2005; therefore, we view that time in favor of appellant and count it against the state in calculating speedy trial time. *Page 1