JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} On April 1, 2006, the City of Cleveland ("the City") filed a complaint against defendant-appellant Jamal Ali ("Ali") for aggravated menacing, in violation of Municipal Code ("M.C.") 621.06, and discharging a firearm, in violation of M.C. 627.20. On April 3, 2006, Ali entered a plea of not guilty, and bond was set at $2,500.
 {¶ 2} A pretrial was held on April 11, 2006, and trial was then set for April 27, 2006. On April 13, 2006, Ali was released on bond. On April 27, 2006, the trial court generated a journal entry continuing the trial from April 27, 2006 until May 18, 2006, and indicated "Prosecutor's Request." On May 18, 2006, the trial court generated an additional journal entry continuing the trial from May 18, 2006 to May 25, 2006, with no additional information provided. On May 25, 2006, the trial court continued the trial for a third time until June 7, 2006, with no additional information provided. On June 7, 2006, the trial court continued the trial for a fourth time until July 10, 2006, with no explanation. On July 10, 2006, the trial court again continued the trial until July 11, 2006, because Patrolman Oliver and the alleged victim, Sharlena Block-Moorer ("Moorer") failed to appear. On July 11, 2006, Ali waived his right to a jury trial and a bench trial commenced. At the close of the City's case, the trial court continued the trial until July 12, 2007. *Page 4 
 {¶ 3} The court found Ali guilty and sentenced him to one hundred eighty days in prison on each charge, ordered that the sentences be served consecutively, and gave him credit for fourteen days served.
 {¶ 4} The facts giving rise to this case occurred on March 31, 2006, in which Ali, his girlfriend Rachel Harris ("Harris"), and Harris' friend, Moorer spent the day running errands together. When finished with errands, Ali, Harris, Moorer, and Moorer's two children congregated at Harris' home where Harris' three children were also present. An argument ensued between Ali and Harris.
 {¶ 5} Moorer testified that at first she stayed out of the dispute; but when she became involved, Ali started to argue with her. The exchange became heated, at which point Ali pulled out his gun and pointed it at Moorer. Ali then pointed the gun in the air and fired, hitting the kitchen wall. Moorer, for fear of her children's safety, left Harris' home. Moorer went to a friend's home and contacted the Cleveland Police. Moorer testified that the following individuals were present during the incident: Ali, Harris and her three children, and Moorer and her two children.
 {¶ 6} Ali's and Harris' testimony differed from Moorer's testimony. Ali and Harris each testified that they began to argue and that a friend named "Dee" pulled out his gun and shot it. Harris testified that Ali's friends left after the shooting, and she walked Moorer and Moorer's two children to their car so that they could leave. She then had her neighbor watch her children while she walked to the store. Harris never contacted the police. *Page 5 
 {¶ 7} When Harris returned home from the store, she sat on her front porch. Shortly thereafter, the Cleveland Police arrived. The police arrested Ali after Moorer identified him as the suspect.
 {¶ 8} Ali's first assignment of error asserts:
 "Defendant was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution by his counsel's failure to file a motion to dismiss the charges for a speedy trial violation."
 {¶ 9} Ali argues that he was denied effective assistance of counsel because trial counsel failed to file a motion to dismiss for violation of Ali's speedy trial right. We agree.
 {¶ 10} Because Ali made no speedy trial objection at the trial court level the issue cannot, generally, be raised for the first time on appeal. See State v. Shirey, Summit App. No. 22583, 2006-Ohio-256. Here, however, Ali is asserting an ineffective assistance of counsel claim. "By failing to raise a speedy trial claim except as part of a claim of ineffective assistance of counsel, [defendant] has waived all but plain error." State v. Stewart, Cuyahoga App. No. 86411, 2006-Ohio-813.
 {¶ 11} In order to prevail on an ineffective assistance of counsel claim, Ali must demonstrate that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced defendant, depriving him of a fair trial. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052.
 "Counsel's performance may be found to be deficient if counsel `made errors so serious that counsel was not functioning as the `counsel' *Page 6 
guaranteed the defendant by the Sixth Amendment.' To establish prejudice, `the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.'" State v. Guyton, Cuyahoga App. No. 88423, 2007-Ohio-2513. (Citations omitted.)
 {¶ 12} However, we must give a strong presumption in favor of counsel's effective representation; specifically, whether or not counsel's representation "falls within the wide range of reasonable professional assistance." Strickland, supra.
 {¶ 13} Ali argues that he was deprived of effective assistance of counsel when his trial counsel failed to file a motion to dismiss on the basis of a speedy trial violation. Ali argues that had trial counsel filed said motion, the trial court would have granted the motion and he would not have been convicted of aggravated menacing and discharging a firearm.
 {¶ 14} The Sixth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee an accused the right to a speedy and public trial. Pursuant to R.C. 2945.71(B)(2), for first degree misdemeanors, trial must be held within ninety days of arrest in order to effectuate a speedy trial. R.C. 2945.72(H) sets forth those reasons for which continuances may be granted, including the "period of any reasonable continuance granted other than upon the accused's own motion."
 {¶ 15} First, Ali must establish a prima facie case for violation of his speedy trial right. State v. Craig, Cuyahoga App. No. 88039,2007-Ohio-1834. A review of the record reveals the following: Ali was arrested on March 31, 2006, and posted *Page 7 
bond on April 13, 2006. Pursuant to R.C. 2945.71(E), each day spent in jail acts as three days towards speedy trial computation. Thus, Ali's thirteen days in jail constitute thirty-nine days towards speedy trial time.
 {¶ 16} Thereafter, Ali spent fourteen days on bond pending trial set on April 27, 2006. The trial court continued trial, sua sponte, to May 18, 2006, constituting another twenty-one days. Trial was continued an additional four times: May 25, 2006, upon prosecution's request; June 7, 2006, continued sua sponte by the trial court; July 10, 2006, continued because the victim failed to appear pursuant to subpoena; and finally, trial began on July 11, 2006.
 {¶ 17} Therefore, Ali has established a prima facie case for dismissal on speedy trial grounds because the time that lapsed from his March 31, 2006 arrest and his July 11, 2006 trial date clearly exceeded the ninety-day speedy trial provision set forth in R.C. 2945.71(B)(2).
 {¶ 18} Second, at a speedy trial hearing, the City would then have the burden to establish events that toll an offender's speedy trial time.Craig, supra. "True the state would have the burden to establish tolling events in a speedy trial hearing. However, this does not preclude us from reviewing the file for tolling events to determine if appointed counsel was deficient or if prejudice is apparent." State v.Donkers, Portage App. Nos. 2003 P 0135, 2003 P 0136, 2007-Ohio-1557. (Internal citation omitted.) Thus, we apply R.C. 2945.72 to determine whether or not said continuances properly toll Ali's speedy trial time. *Page 8 
 {¶ 19} A review of the docket reveals that Ali did not file any discovery requests, motions, or pleas that would have contributed to any delay. Nor did Ali assert any waiver of his speedy trial rights. Therefore, Ali's speedy trial time did not toll by his own right.
 {¶ 20} Further, a review of the docket reveals that the trial court continued the trial for one day when the victim failed to appear for trial despite prosecution issuing a subpoena against her. "When a witness fails to appear, a court does not abuse its discretion by extending the trial date beyond a prescribed time period if the prosecutor has used `due diligence' to insure the attendance of the witness." State v. Reeser (1980), 63 Ohio St.2d 189. There is no evidence on the record that the City failed to use due diligence in assuring the victim's attendance at trial. As such, the trial court's continuance was reasonable pursuant to R.C. 2945.72(H), and Ali's speedy trial time tolled for one day.
 {¶ 21} Lastly, the trial court continued trial twice, sua sponte, constituting fifty-three speedy trial days. The Ohio Supreme Court has held that:
 "(1) the granting of a continuance must be recorded by the trial court in its journal entry, (2) the journal entry must identify the party to whom the continuance is chargeable, and (3) if the trial court is acting sua sponte, the journal entry must so indicate and must set forth the reasons justifying the continuance." State v. Pickens, Erie App. No. E-98-005, 1998 Ohio App. LEXIS 4351; citing State v. Mincy (1983), 2 Ohio St.3d 6. (Emphasis in original.)
 {¶ 22} Later courts have held that identifying the party to whom the continuance is chargeable is good practice but not a requirement.State v. Stamps *Page 9 
(1998), 127 Ohio App.3d 219. Thus, "[t]he record of the trial court must in some manner affirmatively demonstrate that a sua sponte continuance by the court was reasonable in light of its necessity or purpose."State v. Lee (1976), 48 Ohio St.2d 208. (Emphasis in original.)
 {¶ 23} In the instant case, the journal entries indicate a continuance, sua sponte, but they fail to set forth the reasons justifying the continuance and they fail to identify the party to whom the continuance is chargeable. A continuance that fails these requirements must be construed against the City. State v. Wagner (1993),88 Ohio App.3d 398. Additionally, without an explanation for these continuances, we cannot find that said continuances were reasonable pursuant to R.C. 2945.72(H).
 {¶ 24} Finally, the trial court granted the City a continuance. The record does not reveal that Ali made any objection to the continuance. Regardless, the continuance must clearly be construed against the City and does not fall into any exception pursuant to R.C. 2945.72(H).
 {¶ 25} Thus, in reviewing the facts and calculating Ali's speedy trial time, we find that Ali was not brought to trial within the statutorily prescribed speedy trial time. We note that, "The mere fact of a significant delay is not necessarily prejudicial." State v.Wallace, Miami App. No. 06CA20, 2007-Ohio-2346. We also note that "failure to object is within the realm of trial tactics and therefore does not establish ineffective assistance of counsel." Shirey, supra. However, it is clear that the *Page 10 
outcome of Ali's case may have been different had trial counsel filed a motion to dismiss based upon a speedy trial violation.
 {¶ 26} The City asserts that Ali's speedy trial rights are not self-executing and must be asserted in a timely fashion to avoid waiver. We disagree.
 "Such an approach, by presuming waiver of a fundamental right from inaction, is inconsistent with this Court's pronouncements on waiver of constitutional rights. The Court has defined waiver as `an intentional relinquishment or abandonment of a known right or privilege.'" Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182. (Internal Citation omitted.)
 {¶ 27} "Presuming waiver from a silent record is impermissible."Barker, supra. "We think the better rule is that the defendant's assertion or failure to assert his right to a speedy trial is one of the factors to be considered in an inquiry into the deprivation of the right." Id. It is clear in reviewing the record that Ali made no waiver of his constitutional right to a speedy trial.
 {¶ 28} The City argues that Ali is barred from making a claim for ineffective assistance of counsel. The City also argues that pursuant toState v. Lentz, 70 Ohio St.3d 527, 1994-Ohio-532, there exists a conflict of interest when the same public defender's office represents an offender at both the trial court and appeals court levels. Here, Ali was represented at both the trial court and the appellate court by the Cuyahoga County Public Defender's Office. However, Lentz is inapposite to the case sub judice. The Lentz court held:
 "We hold that when a criminal defendant is represented by two different attorneys from the same public defender's office at trial and on direct *Page 11 
appeal, res judicata bars a claim of ineffective assistance of trial counsel raised for the first time in a petition for postconviction relief when such claim could have been made on direct appeal without resort to evidence beyond the record, unless the defendant provides that an actual conflict of interest enjoined appellate counsel from raising a claim of ineffective assistance of trial counsel on direct appeal." Id. (Emphasis in original.)
 {¶ 29} In the instant case, we are reviewing a claim for ineffective assistance of counsel on direct appeal and not a claim based upon an offender's petition for postconviction relief. Additionally, Ali is not asserting that an actual conflict of interest enjoins his appellate counsel from raising ineffective assistance of counsel of trial counsel on direct appeal. Therefore, there does not exist a conflict of interest preventing Ali's appellate counsel from effectively representing Ali on appeal.
 {¶ 30} Ali's first assignment of error is sustained. Ali's conviction and sentence are vacated.
 {¶ 31} Ali's second assignment of error asserts,
 "Appellant was deprived of his liberty without due process of law and of his constitutional right to a trial by jury when the trial court relied on judge-found facts to impose a maximum sentence."
 {¶ 32} As a result of our ruling on the first assignment of error, Ali's second assignment of error is rendered moot.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. *Page 12 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A.J., and MARY J. BOYLE, J., CONCUR *Page 1