JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Adam D. Pangrace ("appellant"), appeals the trial court's denial of his motion to dismiss based upon speedy trial grounds. For the reasons set forth below, we affirm.
 {¶ 2} On May 13, 2006, appellant was arrested for operating a motor vehicle while under the influence of alcohol and improper use of a turn signal. On May 15, 2006, appellant was arraigned and pled not guilty to all charges. *Page 3 
 {¶ 3} On May 26, 2006, appellant filed a request for discovery. Thereafter, the trial court granted the City of Cleveland ("City") two requests for continuances from scheduled pretrials. The court also scheduled the trial date for August 30, 2006. A few days later, the court rescheduled the trial date for August 17, 2006.
 {¶ 4} On August 15, 2006, the City completed the response to appellant's request for discovery. On that same day, appellant filed a motion to dismiss charges and discharge defendant from custody based upon the Ohio speedy trial statute, as well as a motion to continue the trial date scheduled for August 17, 2006 because appellant would be out of town. The trial court granted his request for continuance, scheduling the trial and a hearing on apellant's motion to dismiss for October 23, 2006.
 {¶ 5} On October 23, 2006, the trial court denied appellant's motion for dismissal. Additionally, on that date, appellant pled no contest to the driving under the influence charge and the City nolled the remaining charge of improper use of a turn signal. The trial court found appellant guilty of driving under the influence, and on December 5, 2006, sentenced him to 180 days in jail, 177 days suspended, a fine of $1000.00, $700 suspended, six months license suspension and six months probation.
 {¶ 6} Appellant now appeals the trial court's denial of his motion to dismiss and asserts two assignments of error for our review.
 {¶ 7} Appellant's first assignment of error states:
 {¶ 8} "The trial court erred in denying the appellant's motion to dismiss for *Page 4 
failure to bring him to trial within ninety (90) days of an arrest on a first degree misdemeanor pursuant to Ohio Revised Code Section2945.71(B)(2) in violation of his rights pursuant to Ohio Revised Code Sections 2945.71, 2945.73 and in violation of the Sixth andFourteenth Amendments to the United States Constitution as well as Section 10, Article I of the Ohio Constitution."
 {¶ 9} Our standard of review upon an appeal raising a speedy trial issue is to simply count the days as directed in R.C. 2945.71 et seq.Cleveland v. Seventeenth St. Assoc. (Apr. 20, 2000), Cuyahoga App. No. 76106; State v. Saikus (Mar. 12, 1998), Cuyahoga App. No. 71981. Where we find ambiguity, we construe the record in favor of the accused.State v. Mays (1996), 108 Ohio App.3d 598, 609, 671 N.E.2d 553;State v. Singer (1977), 50 Ohio St.2d 103, 109, 362 N.E.2d 1216.
 {¶ 10} Appellant contends that he is entitled to discharge pursuant to R.C. 2945.71 through 2945.73, the Criminal Code's speedy trial provisions. R.C. 2945.73 provides as follows: "(B) Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code."
 {¶ 11} R.C. 2945.71 provides in pertinent part:
 {¶ 12} "(B) Subject to division (D) of this section, a person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial as follows:
 {¶ 13} "* * *
 {¶ 14} "(2) Within ninety days after the person's arrest or the service of *Page 5 
summons, if the offense charged is a misdemeanor of the first or second degree, or other misdemeanor for which the maximum penalty is imprisonment for more than sixty days. * * *"
 {¶ 15} In other words, a defendant charged with a misdemeanor of the first degree in Ohio must be tried within 90 days. R.C. 2945.71(B)(2).
 {¶ 16} The record demonstrates that appellant was arrested on May 13, 2006 and was released on bail until the matter was resolved by appellant pleading no contest on October 23, 2006. For purposes of speedy trial computation, time starts to toll the day after the arrest. State v.McCornell (1993), 91 Ohio App.3d 141, 145, 631 N.E.2d 1110. Thus, we begin our counting on May 14, 2006.
 {¶ 17} The trial of this matter was scheduled to commence on October 23, 2006. Rather than going to trial, however, appellant pled "no contest" and the court found him guilty of driving under the influence. Accordingly, the time with which this court is concerned is from May 14, 2006 until October 23, 2006.
 {¶ 18} The total number of days between May 14, 2006 and October 23, 2006 is 163 days. As 163 days is clearly beyond the 90 day time limit prescribed in R.C. 2945.71(B)(2), the burden shifts to the City to demonstrate that appellant was not entitled to a trial within the time limits prescribed by R.C. 2945.71. See State v. Butcher (1986),27 Ohio St.3d 28, 31, 500 N.E.2d 1368.
 {¶ 19} R.C. 2945.72 specifies the reasons for which a trial court may extend the limits of R.C. 2945.71. R.C. 2945.72 states in relevant part:
 {¶ 20} "The time within which an accused must be brought to trial or, in the *Page 6 
case of felony, to preliminary hearing and trial, may be extended only by the following:
 {¶ 21} "* * *
 {¶ 22} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 23} "* * *
 {¶ 24} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;
 {¶ 25} "* * *."
 {¶ 26} R.C. 2945.72(E) permits the tolling of time when a defendant files a motion to dismiss for speedy trial violations. State v.Williamson, Licking App. No. 2005 CA 00046, 2005-Ohio-6198; see, also,State v. Bickerstaff (1984), 10 Ohio St.3d 62, 67, 461 N.E.2d 892 ("It is evident from a reading of the statute [R.C. 2945.72(E)] that a motion to dismiss acts to toll the time in which a defendant must be brought to trial.") Here, appellant filed a motion to dismiss due to a speedy trial violation on August 15, 2006. The motion was not ruled upon until October 23, 2006. Therefore, the speedy trial time was tolled from August 15, 2006 until October 23, 2006.
 {¶ 27} Additionally, we note that appellant requested a continuance on that same date from the trial date scheduled for August 17, 2006. A continuance granted at the request of appellant tolled the speedy trial time as well. R.C. 2945.72(H) *Page 7 
allows the tolling of the speedy trial time limit for "[t]he period of any continuance granted on the accused's own motion * * * ."
 {¶ 28} Accordingly, the time with which this court is now concerned is from May 14, 2006 until August 15, 2006, the time appellant made his motion to dismiss and requested a continuance. The total number of days between May 14, 2006 to August 15, 2006 is 93 days. Ninety three days is still beyond the 90 day time limit prescribed in the speedy trial statute. Accordingly, we continue our calculations to determine speedy trial time.
 {¶ 29} R.C. 2945.72(E) permits the tolling of the speedy trial time when a defendant makes a demand for discovery. State v. Brown,98 Ohio St.3d 121, 124, 2002-Ohio-7040, 781 N.E.2d 159. In the instant matter, appellant filed a request for discovery on May 26, 2006. The City did not completely respond to appellant's discovery requests until August 15, 2006. Without addressing whether the response time was unreasonable, we can say with confidence that the time was tolled pursuant toState v. Brown, supra, for at least the three days needed to meet the speedy trial time limit. Accordingly, appellant's speedy trial rights were not violated and his first assignment of error is overruled.
 {¶ 30} Appellant's second assignment of error states:
 {¶ 31} "The trial court erred in attributing any continuance in this matter to the appellant, where it is clear that no such request for continuance was made in this matter by the appellant prior to the time for speedy trial had expired."
 {¶ 32} There is no dispute that appellant did not make any requests for *Page 8 
continuances prior to August 15, 2006 even though the court's journal entries indicate otherwise. However, because these continuances were not used in our determination that appellant's speedy trial rights were not violated, we find appellant's argument in this regard without merit. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution. Any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 MARY EILEEN KILBANE, P.J., and MELODY J. STEWART, J., CONCUR *Page 1