JOURNAL ENTRY AND OPINION *Page 2 
{¶ 1} Defendant-appellant Willie Hopkins (Hopkins) appeals from his conviction on two counts of felonious assault. For the following reasons, we affirm.
 {¶ 2} On October 4, 2006, a Cuyahoga County Grand Jury indicted Hopkins on two counts of rape, four counts of felonious assault, and two counts of kidnapping. A notice of prior conviction and a repeat violent offender specification attached to all counts. Additionally, a sexual motivation specification attached to two counts of felonious assault and one count of kidnapping.
 {¶ 3} On April 3, 2007, Hopkins filed a pro se motion to dismiss for violation of his right to a speedy trial, which was denied by the trial court.
 {¶ 4} On April 18, 2007, Hopkins waived his right to a jury trial regarding the repeat violent offender specifications. The trial court bifurcated the matter and heard the repeat violent offender specifications to the bench and all other charges to the jury.
 {¶ 5} On April 24, 2007, the jury found Hopkins guilty of two counts of felonious assault without the sexual motivation specifications attached and not guilty of the remaining counts. The trial court found Hopkins guilty of the *Page 3 
repeat violent offender specifications. The parties stipulated to the notice of prior conviction specifications attached to each count.
 {¶ 6} On May 30, 2007, the trial court sentenced Hopkins to five years of imprisonment for each count of felonious assault, to be served concurrently.
 {¶ 7} The facts giving rise to the instant case occurred on September 11, 2006 and September 12, 2006, at 12916 Holborn Avenue in Cleveland, Ohio. Hopkins owned the single-family home and rented the bedrooms out on a weekly basis. Beginning in July 2005 and ending approximately one year later, the victim, Kavokia Ellington (Ellington), rented a room at the home.
 {¶ 8} Hopkins and Ellington became friends and began smoking crack cocaine together. Their relationship became intimate as they continued to smoke crack cocaine together until Ellington moved out approximately one year later.
 {¶ 9} Ellington continued to visit Hopkins at his home. The weekend of September 10, 2006, Ellington returned and dropped off items for storage at the Holborn home because her father, whom she was living with at the time, was moving. While there, Hopkins and Ellington smoked crack cocaine and repeatedly engaged in sexual intercourse over the course of the weekend.
 {¶ 10} On Sunday, September 11, 2006, at approximately 8:00 p.m., Hopkins and Ellington had a verbal and physical altercation in which Hopkins *Page 4 
stabbed Ellington in the back, piercing her lung. Testimony is divergent as to the cause of the argument and what transpired the rest of the evening.
 {¶ 11} Hopkins testified that Ellington stole his crack pipe and put it in her pocket because she knew there was more crack inside the pipe to smoke. When Hopkins attempted to take the crack pipe from Ellington, she retrieved pepper spray and a knife to ward off Hopkins. Hopkins tried to keep the knife at bay while retrieving the crack pipe from her and accidentally stabbed her.
 {¶ 12} Hopkins further testified that Ellington did not want medical treatment but wanted to smoke more crack cocaine. He concluded that the next morning they had consensual, sexual intercourse.
 {¶ 13} Ellington testified that Hopkins was jealous over her flirtations with a mutual friend that day and, when she attempted to leave for the evening, Hopkins grabbed her and stabbed her, puncturing her lung. When Ellington attempted to leave a second time, he grabbed her in the hallway and choked her and told her that she could not leave. Hopkins retrieved ice and tended to her stab wound.
 {¶ 14} The next morning, Ellington testified that Hopkins loosened her pants, threatened to cut her throat, told her to lie still, and raped her vaginally and anally. Ellington then left and went to the hospital.
 {¶ 15} Hopkins appeals and raises two assignments of error for our review. *Page 5 
 ASSIGNMENT OF ERROR NUMBER ONE
 "The trial court erred in not dismissing appellant's case for violation of appellant's constitutional and statutory right to a speedy trial."
 {¶ 16} Hopkins argues that the trial court violated his constitutional and statutory rights to a speedy trial.
 {¶ 17} The Sixth Amendment of the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee an accused the right to a speedy and public trial. The standard of review that appellate courts apply to speedy trial issues is to count days as set forth in R.C. 2945.71. State v. Stevens, Cuyahoga App. No. 87693,2006-Ohio-5914.
 {¶ 18} Trial must be held within two hundred seventy days of arrest in order to effectuate a speedy trial. See R.C. 2945.71(C). However, each day spent in jail acts as three days toward speedy trial time, thus ninety days time in jail would equate to two hundred seventy days using the triple-count provision. See R.C. 2945.71(E). Extensions may be granted against speedy trial time upon "the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *." R.C. 2945.72(H).
 {¶ 19} Hopkins must first establish a prima facie case for violation of his speedy trial rights. State v. Craig, Cuyahoga App. No. 88039,2007-Ohio-1834. The State then has the burden to establish events that toll Hopkins' speedy trial time. Id. *Page 6 
 {¶ 20} Hopkins was arrested on September 14, 2006, but not indicted until October 4, 2006. "The day of arrest is not to be included when computing the time within which a defendant must be brought to trial under R.C. 2945.71." State v. Walters (1996), Cuyahoga App. No. 68279, 1996 Ohio App. LEXIS 117. Additionally, "[p]rior to being charged with a crime, the person is in no position to demand a speedy trial." City ofCleveland v. Baker, Cuyahoga App. No. 80955, 2002-Ohio-4171. However, the Supreme Court of Ohio held:
 "For purposes of calculating speedy-trial time pursuant to R.C. 2945.71(C), a charge is not pending until the accused has been formally charged by a criminal complaint or indictment, is held pending the filing of charges, or is released on bail or recognizance." State v. Azbell, 112 Ohio St.3d 300, 2006-Ohio-6552, at syllabus.
 {¶ 21} In the case sub judice, Hopkins was held pending the filing of charges, thus, nineteen days, which excludes the day of arrest, count toward Hopkins' speedy trial time.
 {¶ 22} The trial court set an initial pretrial for October 19, 2006, constituting fifteen days toward Hopkins' speedy trial time from indictment to pretrial, as the State conceded. *Page 7 
 {¶ 23} Although the initial pretrial in this case was set for October 19, 2006, Hopkins made five requests for continuances until December 8, 2006. Thus, the fifty days between October 19, 2006 and December 8, 2006, are attributed to Hopkins and toll his speedy trial time. See R.C. 2945.72(H). Also within that time, Hopkins filed a motion for bond reduction on November 9, 2006, which was denied on November 22, 2006. Motions for bond reduction toll speedy trial time. Walters at 10; R.C. 2945.72(E).
 {¶ 24} Thereafter, the docket reveals that the pretrial was not actually held until December 13, 2006. However, the docket does not attribute this continuance to Hopkins and, thus, the five days count toward Hopkins' speedy trial time, as the State conceded.
 {¶ 25} At the December 13, 2006 pretrial, Hopkins requested a pretrial set for December 21, 2006, thus tolling Hopkins' speedy trial time for eight days.
 {¶ 26} The trial court set trial for January 11, 2007, thus adding twenty-one days, as the State conceded, towards Hopkins' speedy trial time.
 {¶ 27} However, trial did not proceed on January 11, 2007, and on January 13, 2007, Hopkins filed a motion for discovery and a motion for a bill of particulars, to which the State responded on January 30, 2007. The Supreme Court of Ohio held: "A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)." State v.Brown (2002), 98 Ohio St.3d 121; *Page 8 
R.C. 2945.72(E). As such, the two days from January 11, 2007 until January 13, 2007, are attributed to the State. The seventeen days between January 13, 2007 and January 30, 2007, are attributed to Hopkins and toll his speedy trial time.
 {¶ 28} Thereafter, the court continued trial until March 8, 2007, for a total of thirty-seven days, because it was already engaged in other trials. Pursuant to the Supreme Court of Ohio, continuances must be reasonable: "It is not necessary that the appellant show prejudice by the continuance; he does, however, have the obligation to persuasively assert facts which show the continuance to be unreasonable." State v.Hudson (1983), Cuyahoga App. No. 45183, 10 Ohio App.3d 52. In support thereof, continuances must be journalized:
 "When sua sponte granting a continuance under R.C. 2945.72(H), the trial court must enter the order of continuance and the reasons therefor by journal entry prior to the expiration of the time limit prescribed in R.C. 2945.71 for bringing a defendant to trial." State v. Mincy (1982), 2 Ohio St.3d 6, at syllabus. (Emphasis in original.)
 {¶ 29} In the case sub judice, the trial court's continuances were reasonable. The trial court was engaged in other trials. Each continuance was for approximately two weeks. The trial court journalized the continuances prior *Page 9 
to expiration of the time limit set forth in R.C. 2945.71, and set forth its reasons therefor.
 {¶ 30} Thereafter, on March 8, 2007, the State filed a motion to continue trial until April 12, 2007, for additional time to obtain DNA or oral swab test results.
 {¶ 31} Although Hopkins was indicted on October 4, 2006, the State failed to motion the trial court for withdrawal of a DNA or oral swab from Hopkins until January 16, 2007, three and one-half months after indictment and seven days after the initially scheduled trial date. The trial court granted the State's motion the same day.
 {¶ 32} Hopkins' DNA or oral swab was collected on January 23, 2007, and was not scheduled for testing until February 28, 2007. According to the State, the testing would not be complete for four to six weeks, thus warranting a continuance. However, the State had ample time prior to January 16, 2007, to motion the court and withdraw a DNA or oral swab and have it tested. Thus, we find that the continuance was unreasonable pursuant to Hudson. The twenty-six days between March 8, 2007 and April 3, 2007, when Hopkins filed a pro se motion to dismiss, count toward Hopkins' speedy trial time.
 {¶ 33} On a final note, Hopkins' pro se motion to dismiss based on speedy trial grounds, filed on April 3, 2007, and denied by the trial court on April 18, *Page 10 
2007, the first day of trial, tolled Hopkins' speedy trial time for fifteen days. "R.C. 2945.72(E) permits the tolling of time when a defendant files a motion to dismiss for speedy trial violations."City of Cleveland v. Pangrace, Cuyahoga App. No. 89271, 2007-Ohio-6321.
 {¶ 34} Furthermore, the parties filed a joint motion to continue trial until April 18, 2007. Thus the six-day continuance also tolled Hopkins' speedy trial time.
 {¶ 35} Therefore, in reviewing the facts and in calculating Hopkins' speedy trial time, we find that Hopkins was brought to trial within the statutorily prescribed speedy trial time.
 {¶ 36} Hopkins' first assignment of error is overruled.
 ASSIGNMENT OF ERROR NUMBER TWO
 "Appellant was deprived of effective assistance of counsel where his trial attorney failed to request a jury instruction on a lesser offense, aggravated assault."
 {¶ 37} Hopkins argues that his trial counsel was ineffective because he failed to request a jury instruction for aggravated assault as a lesser included offense of felonious assault.
 {¶ 38} In order to prevail on an ineffective assistance of counsel claim, Hopkins must demonstrate that (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced defendant, depriving him of a fair trial. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052. *Page 11 
 "Counsel's performance may be found to be deficient if counsel `made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.' To establish prejudice, `the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.'" State v. Guyton, Cuyahoga App. No. 88423, 2007-Ohio-2513. (Internal citations omitted.)
 {¶ 39} However, we must give a strong presumption in favor of counsel's effective representation; specifically, whether or not counsel's representation "falls within the wide range of reasonable professional assistance." Strickland at paragraph 2(a) of syllabus.
 {¶ 40} However, "[f]ailure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel." State v. Griffie (1996),74 Ohio St.3d 332. Therefore, trial counsel's decision not to request a jury instruction on aggravated assault was merely trial strategy and does not constitute ineffective assistance of counsel.
 {¶ 41} Furthermore, Hopkins fails to demonstrate that trial counsel's failure to request the instruction prejudiced him and deprived him of a fair trial.
 {¶ 42} Hopkins' second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 12 
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and MARY J. BOYLE, J., CONCUR *Page 1