[Cite as *State v. Battiste*, 2014-Ohio-4683.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 100894

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAYSON BATTISTE

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED IN PART, REVERSED IN PART
## AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-573632-A

**BEFORE:** E.A. Gallagher, P.J., Blackmon, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** October 23, 2014

**ATTORNEY FOR APPELLANT**

John F. Corrigan
19885 Detroit Road, Suite 335
Rocky River, Ohio 44116

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY: Brett Kyker
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

EILEEN A. GALLAGHER, P.J.:

{¶1} Jayson R. Battiste appeals his conviction and sentence imposed in the Cuyahoga County Common Pleas Court. Battiste argues that he was denied his right to a speedy trial, that his counsel rendered ineffective assistance, that the trial court erred in sentencing him as a Tier III sex offender and in failing to issue credit for time served in the Cuyahoga County jail. Finding merit to Battiste's appeal, we reverse the decision of the trial court in part, and remand for proceedings consistent with this opinion.

{¶2} In April 2013, the Cuyahoga County Grand Jury returned a four-count indictment charging Battiste with rape, trafficking in persons, kidnapping and unlawful sexual conduct with a minor. After a series of pretrial hearings, Battiste pleaded guilty to unlawful sexual conduct with a minor. The state dismissed the remaining three counts of the indictment. The trial court sentenced Battiste to 18 months incarceration and classified him as a Tier III sex offender. At the conclusion of the hearing, defense counsel asked if Battiste would be given credit for time served, to which the court responded, "certainly." Battiste was incarcerated from the date of his arrest on April 19, 2013 through the date of sentencing on October 16, 2013, a total of 181 days.

{¶3} In his first assigned error, Battiste argues the trial court deprived him of his right to a speedy trial.

{¶4} The Sixth and Fourteenth Amendments to the United States Constitution, as well as Section 10, Article I of the Ohio Constitution, guarantee a criminal defendant the right to a speedy trial by the state. *State v. O'Brien*, 34 Ohio St.3d 7, 516 N.E.2d 218 (1987). In *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, the United

States Supreme Court declared that, with regard to fixing a time frame for speedy trials, "[t]he States * * * are free to prescribe a reasonable period consistent with constitutional standards *   *   *." To that end, the Ohio General Assembly enacted R.C. 2945.71.

{¶5} Pursuant to R.C. 2945.71, a person against whom a felony charge is pending shall be brought to trial within 270 days after their arrest. For purposes of computing this time, each day during which the accused is held in jail in lieu of bail shall be counted as three days. *Id.* Once the defendant has established that the statutory time limit has expired, they have made their prima facie case for dismissal. *State v. Howard*, 79 Ohio App.3d 705, 607 N.E.2d 1121 (8th Dist.1992). The burden then shifts to the state to demonstrate that sufficient time was tolled pursuant to R.C. 2945.72. *State v. Geraldo*, 13 Ohio App.3d 27, 468 N.E.2d 328 (6th Dist.1983).

{¶6} In the present case, Battiste has established a prima facie case for dismissal on speedy trial grounds. He was arrested on April 19, 2013 and remained in the Cuyahoga County jail for the entire 152 days before he entered his plea on September 18, 2013.

{¶7} The state must now demonstrate acceptable extensions in accordance with R.C. 2945.72 in order for speedy trial time to be properly tolled. A review of the record indicates that sufficient time was tolled in accordance with R.C. 2945.72(H), which reads as follows:

> The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following * * * [t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other

than upon the accused's own motion   * * *.

{¶8} Battiste was arrested on April 19, 2013.   On April 24, 2013, Battiste filed a written request for discovery, tolling time.   On May 6, 2013, a pretrial was held and then continued to May 14, 2013 at the request of Battiste.   The docket reflects that a pretrial was held and continued to a later date at the request of Battiste seven more times before he ultimately entered a guilty plea on September 18, 2013.   For each instance, the court noted the continuance was requested by the defendant and for all but three, provided a reason in support.

{¶9}   For purposes of speedy trial computation, the only days that are counted are April 20 - April 24, June 26 - July 15 and September 11 - September 18, because these are the time periods where no continuance was requested and no proper tolling event was noted.   Since Battiste was incarcerated throughout the entirety of the case, each of these days counts as three, bringing the total number of days to 99, which falls short of the 270-day limit.

{¶10} Battiste argues that three specific continuance requests should not be attributed to him because the trial court failed to specify the reason for the continuance requests in the corresponding journal entries.   This argument lacks merit because this court in *State v. Craig*, 8th Dist. Cuyahoga No. 88039, 2007-Ohio-1834, held that a trial court is not required to specify the reason for a continuance request in order for time to be tolled.   "When the defendant's request for a continuance is in the record, the absence of an explanation for the continuance in a journal entry should not allow a defendant to use

the speedy-trial statute as a sword rather than a shield that it was designed to be." *Id*. at ¶ 29.

{¶11} After reviewing the entire record and calculating the time that elapsed between appellant's arrest and his trial, we find that he was brought to trial within the speedy trial statutory time frame. In view of this, Battiste's second assigned error must also fail because he could not show that the outcome of his case would have been different. Additionally, Battiste's speedy trial time had not yet run at the time he entered his guilty plea and, therefore, his trial counsel did not render ineffective assistance.

{¶12} Based on the foregoing, Battiste's first and second assigned errors are overruled.

{¶13} The state concedes the errors alleged in Battiste's third and fourth assigned errors. Specifically, the state agrees that Battiste should be classified as a Tier II sex offender under R.C. 2950.01(F) and that he should be credited with time he spent in jail awaiting the conclusion of his case. Accordingly, we reverse the decision of the trial court and remand for reclassification as a Tier II sex offender and for the issuance of credit for the 181 days he spent in the county jail.

{¶14} The judgment of the trial court is affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.

It is ordered that appellee and appellant share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common

pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

PATRICIA    A. BLACKMON, J., and
EILEEN T. GALLAGHER, J., CONCUR